UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE MURCEL SUTTON-KING a/k/a BRUCE M. S-KING,

                Plaintiff,

-against-

NEW YORK COUNTY/CITY; QUEENS COUNTY/CITY; NEW YORK CITY POLICE DEPARTMENT; MICHAEL McHUGH; LAWRENCE HIGGINS; DENNIS WIENCKO; KEVIN C. MEEHAN; GEORGE NEGRON; MICHAEL KENNEDY; JOSEPH RILEY; HUNT; JOSEPH SWEENEY, HOWARD VINCENT; P. WEIR; JOHN/JANE DOE #15 THROUGH #21; CRUCITO; HIGBIE; MAZZAU; McENROY; JOHN/JANE DOE #1 THROUGH #14; WILLIAM BRATTON; LINDA C. ROSERO; KAREN L. LYNCH; USHIR PANDIT; MATTHEW FRANCIS BOGDANOS; RICHARD A. BROWN; ROBERT MORGANTHAU; CYRUS A. VANCE; QUEENS COUNTY DISTRICT ATTORNEY OFFICE; NEW YORK COUNTY DISTRICT ATTORNEY OFFICE; and SUSAN V. TIPOGRAPH,

                Defendants.

21-CV-5622 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated in Mid-State Correctional Facility, brings this *pro se* action under "42 U.S.C. §[§] 1981, 1983, 1985, 1986, 1988, and 18 U.S.C. § 1961," alleging that Defendants violated his constitutional rights. By order dated December 16, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] The Court dismisses the complaint for the reasons set forth below.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Bruce Murcel Sutton-King, a/k/a Bruce M. S-King, filed this 64-page complaint, with 30 pages of exhibits attached, detailing events that began on December 31, 1995, which led to Plaintiff's subsequent arrests and convictions in Queens, New York, and New York, New York. He is currently incarcerated pursuant to those convictions, serving a sentence of 25 to 50 years' incarceration for convictions for three counts of robbery in the first degree, a class B felony, and one count of robbery in the second degree, a class C felony. *See* http://nysdoccslookup.doccs.ny.gov/.

A review of the Public Access to Court Electronic Records (PACER) system reveals that Plaintiff filed several actions challenging his convictions. On November 21, 2003, Plaintiff filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, in the United States District Court for the Eastern District of New York. *See King v. Phillips*, No. 03-CV-6045 (NGG) (LB) (E.D.N.Y. Apr. 2, 2009). This petition challenged Plaintiff's August 11, 1998, conviction after a jury trial, stemming from his January 2, 1996, arrest in Queens, New York, for the November 29, 1995, robbery at Continental Services, where Plaintiff had formerly been employed. By report and recommendation dated November 6, 2008, Magistrate Judge Lois Bloom recommended that the petition be denied, *id.* at ECF No. 32, and by order dated March 31, 2009, the Honorable Nicholas G. Garaufis adopted the report and recommendation in full, *id.* at ECF No. 38. On November 25, 2003, Petitioner filed another petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, in the Eastern District of New York. *See King v. Phillips*, No. 03-CV-6073 (NGG) (LB) (E.D.N.Y. Dec. 19, 2008). In that action, Petitioner challenged his January 20,

1998, conviction stemming from his January 2, 1996, arrest for the December 10, 1995, robbery at a Martin Paint store in Jamaica, Queens. By memorandum and order dated December 18, 2008, the Honorable Nicholas G. Garaufis denied the petition. *Id.* at ECF No. 30.

On September 26, 2008, Plaintiff filed a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court, challenging his October 16, 1996, conviction stemming from his arrest for the November 22 and December 3, 1995, robberies of two Martin Paint stores in Manhattan. *See King v. Greiner*, No. 02-CV-5810 (DLC) (AJP) (S.D.N.Y. July 13, 2009). By report and recommendation dated September 26, 2008, Magistrate Judge Andrew J. Peck recommended that the petition be denied. *Id.* at ECF No. 38. By opinion and order dated July 8, 2009, the Honorable Denise L. Cote denied the petition, *id.* at ECF No. 48, and by Mandate issued by the United States Court of Appeals for the Second Circuit on February 1, 2012, Judge Cote's decision was affirmed, *id.* at ECF No. 62.

Plaintiff brings this "civil rights/civil conspiracy, and civil Racketeer Influenced and Corrupt Organizations (RICO) complaint," and asserts that his action is "authorized under 42 U.S.C. §§ 1981, 1983, 1985, 1986, 1988, and 18 U.S.C. § 1961 *et seq.*" (ECF No. 2 at 7.) He "seeks redress following deprivations and civil racketeering activity stemming from ongoing civil/extra-judicial seditions conspiracies and utilization of unconstitutional patterns of predicate and fraudulent procedures -- under color of state law -- to circumvent intentional/illegal corrupt activities prohibited by RICO in violation of Plaintiffs United States Constitutional First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendment rights." (*Id.* at 7-8.) In his statement of facts, Plaintiff recounts, in great detail, the actions of New York City Police Department (NYPD) officers and detectives, and the Queens County and New York County District Attorneys and

their staff, who Plaintiff alleges violated his rights during the course of the investigations, arrests, and prosecutions for the crimes for which Plaintiff is currently incarcerated.

Plaintiff brings this action seeking to have this Court declare that he was arrested without probable cause. (*Id.* at 61.) He also seeks to have this Court issue declaratory judgments and grant injunctive relief with regard to Defendants' alleged illegal actions that led to his arrest, prosecution, and conviction. (*Id.* at 61-70.)

## DISCUSSION

**A.    RICO Claim**

To state a civil RICO claim, Plaintiff must plead that he was injured by "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985). The complaint does not allege facts suggesting that any such activity took place. Accordingly, the Court dismisses Plaintiff's RICO claims for failure to state a claim.

Plaintiff also cannot initiate the arrest and prosecution of any individual or entity in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Plaintiff direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972).

**B.    *Heck v. Humphrey***

Because Plaintiff was convicted and because he does not allege that the convictions were reversed, expunged, or otherwise declared invalid, the Court must dismiss Plaintiff's Section 1983 claims of false arrest and malicious prosecution. These claims are barred by the favorable termination rule set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The United States Supreme Court has explained:

> that a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (italics in original); *see Heck*, 512 U.S. at 486-87 ("[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*[.]").

Success on Plaintiff's Section 1983 claims would necessarily imply the invalidity of his convictions. Because Plaintiff has not alleged that his convictions were overturned or otherwise invalidated, and because Plaintiff seeks relief that would call into question the validity of those convictions, his claims are barred under *Heck*. *See Perez v. Cuomo*, No. 09-CV-1109 (SLT), 2009 WL 1046137, at *7 (E.D.N.Y. Apr. 17, 2009) ("Since plaintiff's conviction remains valid, plaintiff's claim for violation of his right to a fair trial is not cognizable under § 1983."). The Court must therefore dismiss Plaintiff's Section 1983 claims of false arrest and malicious prosecution. *See* 28 U.S.C. § 1915(e)(2)(b)(ii).

**C.    Statute of Limitations**

Assuming *arguendo* that Plaintiff had alleged a valid Section 1983 claim, those claims would be time-barred. The statute of limitations for Section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In

New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Section 1983 claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013). Here, Plaintiff alleges that the events giving rise to his claims occurred in 1995 and 1996 and his allegations and litigation history in this court and the Eastern District of New York demonstrate that he was aware of the injuries forming the basis of his claims at that time. Plaintiff therefore had until 1999 to file a timely claim. Because Plaintiff filed this complaint in 2021 – at least 22 years after the events giving rise to his claims occurred – his claims are untimely.

The doctrine of equitable tolling permits a court, "under compelling circumstances, [to] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc.*, 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted). The statute of limitations may be equitably tolled, for example, when a defendant fraudulently conceals from a plaintiff the fact that the plaintiff has a cause of action, or when the plaintiff is induced by the defendant to forego a lawsuit until the statute of limitations has expired.[2] *See Pearl*, 296 F.3d at 82-83. Plaintiff does not provide any facts suggesting that the statute of limitations should be equitably tolled in this case.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where, as here, the

---

[2] In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society").

7

existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted." (internal quotation marks and citation omitted)); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

**D.   Venue**

Venue for Plaintiff's claims that occurred in Queens, New York, is not appropriate in this Court. Queens, New York is located in the Eastern District of New York. *See* 28 U.S.C. § 112(c). Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). And "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" 28 U.S.C. § 1391(c)(2).

If an action is filed with the wrong district court, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been

brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. *See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009). Because Plaintiff fails to state any valid, timely federal claims, the Court declines to transfer his claims.

**E.     Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint that are identified above cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    February 22, 2022
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge